Before the Third Division, August 4, 1960

No. 64432.—Walter Auster *v.* United States, protest 59/19102 (Honolulu).

Richardson, Judge: Certain articles, consisting of two black pearl necklaces, one pearl bracelet, four pairs of pearl earrings, and three loose pearls, were purchased by plaintiff while on a trip to Japan, and brought back and declared by him as part of his personal baggage.

The collector of customs at the port of Honolulu classified the articles as pearl jewelry and assessed duty thereon at 55 per centum ad valorem under the provisions of 19 U.S.C.A. section 1001, paragraph 1527 (paragraph 1527, Tariff Act of 1930), as amended, on the ground that the items appeared to be samples.

Plaintiff claims that the articles in question were purchased by him for his personal use and are exempt from duty, by virtue of the provisions of 19 U.S.C.A., section 1201, paragraph 1798(c)(2)(A) (paragraph 1798(c)(2)(A), Tariff Act of 1930), as amended, and article 10.17(c) of the Customs Regulations, which provide in pertinent part as follows:

Section 1201. Free list.

. . . the articles mentioned in the following paragraphs, when imported into the United States . . . shall be exempt from duty.

\*       \*       \*       \*       \*       \*       \*

Par. 1798.

\*       \*       \*       \*       \*       \*       \*

(c) In the case of any person arriving in the United States who is a returning resident thereof—

\*       \*       \*       \*       \*       \*       \*

(2) articles \* \* \* acquired abroad as an incident of the journey from which he is returning, for his personal or household use, but not imported for the account of any other person nor intended for sale, if declared in accordance with regulations of the Secretary of the Treasury, up to but not exceeding in aggregate value—

(A) $200, if such person arrives from a contiguous country \* \* \*, or arrives from any other country after having remained beyond the territorial limits of the United States for a period of not less than forty-eight hours, and in either case has not claimed an exemption under this subdivision (A) within the thirty days immediately preceding his arrival; \* \* \*.

Article 10.17 of the Customs Regulations—

\*       \*       \*       \*       \*       \*       \*

(c) Gifts.—An article acquired abroad by a returning resident and imported by him to be disposed of after importation as his bona fide gift is for the personal use of the importer. \* \* \*

The ultimate question presented for decision is whether the involved articles are exempt from duty under the foregoing statutory and regulatory provisions.

The answer to this question depends upon whether the articles were for the personal use of the plaintiff, as is claimed.

At the trial, plaintiff gave his version of the facts under oath. Plaintiff stated, in substance, that he is the secretary of the American Thermo-Ware Co., a firm specializing in the manufacture and importation of optical and weather instruments. On April 10, 1959, he and Milton Berney, a coworker and salesman for plaintiff's firm, went to Japan on an inspection and advisory buying trip on behalf of said firm, and purchased, subject to confirmation thereby, certain optical instruments, consisting of binoculars, telescopes, microscopes, magnifying glasses, and related items, for future delivery. According to plaintiff, he also purchased, with his own funds, approximately $200 worth of items, including gifts for members of his family or personal friends. Included in these purchases were the items in controversy. They were bought as a courtesy purchase from the Sakata Pearl Co., Ltd., wholesaler, of Tokyo, Japan, with the intention of giving them to specified persons as gifts. (An invoice covering the pearl articles in question was offered and received in evidence as plaintiff's exhibit 3 without objection.)

Plaintiff further stated that, on the return trip, he arrived in Honolulu on May 10, 1959, where he made a personal baggage declaration. He explained to the customs inspector at that port that the items in issue were acquired for his personal use and as *bona fide* gifts for members of his family and a friend, that none of them were purchased for any business purpose, and that they were never so used or intended to be used for such a purpose. He said that, despite his explanation, the inspector insisted that the articles were samples, and, on this basis, they were classified and assessed with duty.

Plaintiff further stated that he gave the involved articles as *bona fide* gifts to the persons listed in the protest (plaintiff's exhibit 4), namely, his wife, mother, mother-in-law, brother-in-law, and a friend. He displayed for the court's observation a pearl necklace, bracelet, and earrings. He explained that he had purchased the necklace for his wife in 1958, while on a trip to Japan, and that the bracelet and earrings, which are part of the within articles, were painstakingly selected to match the color and size of the pearls in said necklace. None of the alleged donees were called as witnesses by the plaintiff.

The Government based its case upon a report relative to the matter, which was submitted to the collector of customs by the customs inspector who examined plaintiff's baggage. This report, dated June 2, 1959, was admitted in evidence together with other official papers.

Among other things, the report states that, upon inspection of plaintiff's baggage, a catalog and pricelist of pearl jewelry from the Sakata Pearl Co., Ltd., were found among his personal papers. The numbers opposite the items on the invoice (exhibit 3) were checked against the stock numbers in said catalog and pricelist and found to be the same. Each piece of the involved jewelry was tagged with a small paper tag, and each tag was numbered with a letter code and a number code, followed by a price in United States dollars. According to the report, the prices on the tags were several dollars higher than those shown on the invoice, or listed in said catalog and pricelist. (In connection with the preceding statement, it is to be noted, however, that a tag, retained by the inspector as a sample, is attached to exhibit 3, and that the letter and number codes and the price on said tag correspond to those shown on the invoice opposite a pair of earrings.)

The report further states that duty was assessed on the articles in issue because they were invoiced and tagged in the manner of samples and thus appeared to be samples; plaintiff had the Sakata Pearl Co., Ltd., catalog and

pricelist in his possession; and plaintiff's companion, Milton Berney, admitted that plaintiff might use some of the controverted articles as samples and as gifts to customers.

With respect to the circumstances set forth in the report of the inspector, plaintiff stated that the articles herein were delivered to his hotel in Tokyo on the day before he was to leave for the United States; that the invoice, a commercial one, was sent with the purchases because he had requested information as to the value of the items; that he was too busy to examine the articles, but had Milton Berney check the boxes to determine if the number delivered corresponded with the number of items purchased; and, that he, the plaintiff, was surprised when, upon examination by the inspector, the tags were found affixed to said articles. He offered the explanation that possibly an employee of the seller, unaware that a courtesy purchase was involved, mistakenly thought that the transaction was a commercial one and tagged the articles accordingly.

Here, we have a Government inspector's report which indicates that the inspector was doing a conscientious job in classifying the merchandise as he saw the facts; and a reputable attorney who feels that the classification of the items in issue making them dutiable, when he insisted that they were purchased for gifts, is an indictment of his "personal veracity." (R. 4 and R. 9.) The court does not feel that it has to impugn the sincerity or integrity of either the inspector or the plaintiff to dispose of the case.

We are of the opinion that the testimony of the plaintiff, if believed, is sufficient to establish that the here involved articles were imported and disposed of as *bona fide* gifts. It is true that his testimony is uncorroborated. However, there is no requirement in the field of customs law that testimony be corroborated, and, though lack of corroboration might go to the weight of the evidence, it would not affect its sufficiency. See *United States* v. *F. W. Myers & Co., Inc.,* 45 C.C.P.A. (Customs) 48, C.A.D. 671. It is also true that plaintiff has a direct interest in the outcome of the litigation and, hence, is an interested party, and that the court, in determining the credibility of the testimony, may consider that fact. However, since plaintiff's testimony is not equivocal or improbable, it will not be disregarded. See *Chesapeake & Ohio Railway Company* v. *Martin et al.,* 283 U.S. 209, and *United States* v. *Masson,* 4 Ct. Cust. Appls. 363, T.D. 33534.

The only circumstances of record from which an inference inconsistent with plaintiff's position could be drawn are his possession of the Sakata catalog and pricelist and the invoicing and tagging of the within articles in the manner of samples. However, under the facts of this case, we do not think that these circumstances and the inference which could be drawn therefrom are sufficient to discredit plaintiff's direct and positive testimony or to equalize the weight of said testimony, which we are inclined to believe.

Plaintiff is a licensed attorney admitted to practice before this court. Though not actively so engaged, he is, nevertheless, an officer of the court, and we do not think that he would fail to recognize his responsibility as said officer or perjure himself to recover the sum of $35.83, which is the amount involved in this litigation. He has stated under oath, without equivocation, that the controverted items were acquired in Japan and brought into this country with the intention of giving them as his *bona fide* gifts to named persons and, that, without exception, they were so disposed of. Therefore, we find that the articles in question are gifts, as claimed by plaintiff, and were acquired for his personal use within the meaning of paragraph 1798(c) (2), *supra.*

It is admitted that the aggregate value of the involved articles and other personal items imported by plaintiff from Japan did not exceed $200. It is also

tacitly admitted that the plaintiff remained beyond the territorial limits of the United States for a period of not less than 48 hours and that he had not claimed an exemption under paragraph 1798(c)(2)(A), *supra*, within 30 days immediately preceding his arrival in the United States on his return trip from Japan. Thus, it is established that all of the statutory requisites for free entry were met. We, therefore, sustain the claim of plaintiff and hold that the involved articles are exempt from duty. Judgment will be rendered accordingly.